1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAYLA SUGGETT,                    Case No.  2:23-cv-01485-JDP (PC)

12              Plaintiff,

13        v.                            ORDER

14   SOLANO COUNTY JUSTICE
15   CENTER, *et al.*,

16              Defendants.

17

18        Plaintiff, a pretrial detainee, brings this § 1983 case against the Solano County Justice

19   Center and the Solano County Sheriff's Office, as well as several officers.  ECF No. 1.  Some of

20   her allegations are sufficient to proceed, but others are not.  I will grant plaintiff the opportunity

21   to file either an amended complaint or an advisement that she wishes to proceed on the

22   cognizable claims, with the understanding that I will recommend dismissal of the non-cognizable

23   claims.  I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the

24   required showing.

25                    **Screening and Pleading Requirements**

26        A federal court must screen the complaint of any claimant seeking permission to proceed

27   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

28

1

1  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

2  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

3  relief. *Id.*

4      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

10  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

11  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

12  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

13  n.2 (9th Cir. 2006) (en banc) (citations omitted).

14      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

15  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

16  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

18  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

19  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

20  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21  **Allegations**

22      The complaint alleges that on July 10, 2023, Kamaan saw plaintiff receive her pro per

23  legal supplies.  ECF No. 1 at 3.  Then, on July 16, when plaintiff was moved floors within the

24  Solano County Justice Center, Kamaan confiscated and destroyed her pro per box, as well as

25  other personal property.  *Id.* at 3, 5.  The box contained her legal documents, grievances, and

26  witness statements for an active case plaintiff has pending in this district.  *Id.* at 3.  The complaint

27  alleges that Kamaan did so to retaliate against her for filing a lawsuit against the facility.  *Id.*

28

1   Kamaan wrote plaintiff up for demanding that her property be returned, and a disciplinary hearing

2   followed.  *Id.*

3       Plaintiff's disciplinary hearing was heard by officer K. Wilson on July 18, 2023.  *Id.* at 4.

4   According to the complaint, Wilson and officer Bubar manipulated facts of the July 16 incident at

5   the hearing.  Wilson stated that plaintiff refused to lock down, but, according to plaintiff, she was

6   cuffed, written up, and placed in administrative segregation.  *Id.*

7       Liberally construed, the allegations satisfy the pleading requirements for a First

8   Amendment retaliation claim against Kamaan.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68

9   (internal citation omitted) (holding that "[w]ithin the prison context, a viable claim of First

10  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

11  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

12  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

13  not reasonably advance a legitimate correctional goal").

14      Plaintiff's remaining claims, however, are not cognizable.  It is true that prisoners have a

15  protected interest in their personal property.  *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir.

16  1974).  An authorized, intentional deprivation of property is actionable under the Due Process

17  Clause; *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citations omitted), however, "an

18  unauthorized intentional deprivation of property by a state employee does not constitute a

19  violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment

20  if a meaningful postdeprivation remedy for the loss is available," *id.* at 533.

21      The complaint alleges that Kamaan confiscated and destroyed some of plaintiff's legal

22  and personal property.  This claim is not cognizable, since a meaningful state post-deprivation

23  remedy for her loss is available.  *See Hudson*, 468 U.S. at 533.  California's tort claim process

24  provides that adequate post-deprivation remedy.  *Barnett v. Centoni*, 31 F.3d at 813, 816-17 (9th

25  Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim

26  under section 1983 if the state has an adequate post deprivation remedy."); *Kemp v. Skolnik*, No.

27  2:09-cv-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding that the prisoner's

28  alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth

1   Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of

2   the alleged lost materials, he will have to file a claim in small claims court in state court").

3          Neither does the complaint adequately allege a due process claim regarding plaintiff's

4   disciplinary hearing.  A prisoner has no constitutionally guaranteed immunity from false

5   accusations of conduct that may lead to disciplinary sanctions.  *See Sprouse v. Babcock*, 870 F.2d

6   450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the

7   disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section

8   1983.  *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  An exception exists when

9   the fabrication of charges infringes on the inmate's substantive constitutional rights, such as when

10  false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.

11  *See Sprouse*, 870 F.2d at 452 (holding that the filing of a false disciplinary charge in retaliation

12  for a grievance filed by an inmate is actionable under § 1983).  The complaint contains no

13  allegation that either Wilson or Bubar manipulated facts at the disciplinary hearing to retaliate

14  against plaintiff.

15         The complaint lists as defendants Solano County Justice Center, Solano County Sheriff's

16  Office, Thomas Ferrar, the Facility Commander for the Solano County Sheriffs Office, and

17  Lieutenant A. Hagen.  ECF No. at 2, 7.  The complaint does not allege how or to what extent

18  either defendant Ferrar or Hagen violated plaintiff's constitutional rights.  A complaint must

19  specify how each named defendant is involved to state a claim for damages.  The complaint also

20  does not allege sufficient facts to establish municipal liability against the Justice Center or the

21  Sheriff's Office.  *See Lopez v. Solano Cnty. Just. Ctr.*, No. 2:23-cv-1023 CKD P, 2023 WL

22  5417527, at *1 (E.D. Cal. Aug. 22, 2023) (finding that municipalities, such as the Solano County

23  Justice Center, "cannot be held vicariously liable for damages under § 1983 for the actions of

24  their employees") (citing *Monell v. Dep't of Social Services*, 436 U.S. 585 at 691, 694 (1978));

25  *Johnson v. Solano Cnty. Sherriff*, No. 2:22-cv-02061-DAD-CKD (PS), 2023 WL 158833, at *3

26  (E.D. Cal. Jan. 11, 2023) (noting that the Solano County Sheriff's department is not a proper

27  defendant because a sheriff's department is not a "person" within the meaning of § 1983).

28

1    If plaintiff decides to file an amended complaint, the amended complaint will supersede

2    the current one.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).

3    This means that the amended complaint will need to be complete on its face without reference to

4    the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the

5    current complaint no longer serves any function.  Therefore, in an amended complaint, as in an

6    original complaint, plaintiff will need to assert each claim and allege each defendant's

7    involvement in sufficient detail.  The amended complaint should be titled "First Amended

8    Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended

9    complaint, I will recommend that this action proceed on the cognizable claims and dismiss the

10    non-cognizable claims.

11    Accordingly, it is ORDERED that:

12    1.  Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 3, is granted.

13    2.  Within thirty days from the service of this order, plaintiff must either seek leave to file

14    an amended complaint or advise the court she wishes stand by her current complaint.  If she

15    selects the latter option, I will recommend that the claims found to be not cognizable be

16    dismissed.

17    3.  Failure to comply with this order may result in the dismissal of this action.

18    4.  The Clerk's Office is directed to send plaintiff a complaint form.

19
20    IT IS SO ORDERED.

21
22    Dated:    October 13, 2023                                                                          _
                                                                JEREMY D. PETERSON
23                                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                                          5