UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT, | Case No.  2:23-cv-1485-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| KAMMAN, *et al.*, | |
| Defendants. | |

On March 27, 2026, defendants filed a motion for summary judgment.  ECF No. 27.  To date, plaintiff has not filed an opposition or statement of non-opposition to that motion.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given an opportunity to explain why the court should not dismiss her case for failure to file an opposition or statement of non-opposition to defendants' motion.  Plaintiff's

1

failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, plaintiff must show cause within twenty-one days of the date of entry of this order why the court should not dismiss her case for failure to prosecute. Should plaintiff wish to continue with this lawsuit, she shall also file, within twenty-one days, an opposition or statement of non-opposition.

IT IS SO ORDERED.

Dated:    May 26, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE