UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUGGETT,<br>Plaintiff,<br>v.<br>KAMMAN, *et al*.,<br>Defendants. | Case No. 2:23-cv-1485-JDP (P)<br><br>ORDER |

Plaintiff, a pre-trial detainee at the time this suit was initiated, brought this action under section 1983 alleging that defendants Andrea Livingston and Roberto Valdez ("defendants") violated her First Amendment rights by retaliating against her for protected conduct.[1] Now, defendants have moved for summary judgment, ECF No. 27, plaintiff has filed an opposition, ECF No. 29, and defendants have replied, ECF No. 30. After review of the pleadings, I will grant defendants' motion.[2]

[1] The remaining claims and defendants were previously dismissed by separate order. ECF No. 22.

[2] The parties have consented to my jurisdiction. ECF No. 21.

<u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

*Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Analysis

Plaintiff alleges that, in September 2023, she was a pretrial detainee in the Solano County Justice Center. ECF No. 7 at 2. She claims that, on September 24, 2023, defendant Valdez covered the windows of her cell for roughly twelve hours as retaliation for a grievance that she had filed. *Id.* at 3. Then, on September 27, 2023, Valdez allegedly entered her cell during the middle of the night for a retaliatory cell search. *Id.*

With respect to defendant Livingston, she alleges that, on October 5, 2023, this officer covered the windows of her cell to prevent cross-gender viewing made possible by a nearby "male medical unlock." *Id.* at 4. Plaintiff alleges that, after the medical issue was concluded, she declined to remove the window covers on her cell windows in retaliation for her filing of

administrative grievances. *Id.*

To sustain a First Amendment retaliation claim in the prison context, a claimant must show five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Here, defendants argue that plaintiff cannot succeed with her retaliation claims against them because she cannot show that retaliation was the substantial or motivating factor for their actions. They also contend that they are entitled to qualified immunity. I find the first argument persuasive and will grant their motion on that basis.

Defendants have provided declarations stating that they were unaware of any grievances filed by plaintiff at the time of the alleged incidents. ECF Nos. 27-4 at 2; 27-5 at 2. They also contend that they covered the windows of plaintiff's cell on both occasions for the same legitimate penological purpose: to prevent male inmates, with whom she was housed, from "cross-gender viewing" during times when it was possible for them to look into the windows of her cell. ECF No. 27-2 at 8; 27-4 at 2; 27-5 at 2.

For her part, plaintiff's opposition offers no evidence of retaliatory motive. She references various documents that she claims would bolster her claims of retaliation, but admits that she does not have them and, thus, cannot present them to the court. ECF No. 29 at 3-6. Additionally, she claims that there can be no reasonable justification for shrouding the windows of her cell for twelve hours, and, thus, a retaliatory motive is the only logical explanation. *Id.* at 5. But she has not provided any evidence corroborating her allegation that the shrouds were up for twelve hours, or that contradicts the sworn declarations of both defendants, who claim that the shrouds were removed once "cross-gender viewing" was not an issue. At the summary judgment stage, she must offer either direct evidence of retaliatory motive, or circumstantial evidence of: "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." *Allen v. Iranon*, 283 F.3d

1070, 1077 (9th Cir. 2002). Plaintiff has failed to provide any direct or circumstantial evidence in her opposition. Most of that short pleading amounts to little more than restatement of her allegations. Absent some evidence of retaliatory motive, I find that plaintiff cannot sustain her First Amendment claims against either defendant.

Conclusion

Accordingly, it is ORDERED that:

1. Defendants' motion for summary judgment, ECF No. 27, is GRANTED.

2. The Clerk of Court is directed to enter judgment in defendants' favor and close this case.

IT IS SO ORDERED.

Dated: August 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE